# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 18-80406-CRJ13 |
| Pamela T. Larrabee ) | |
| ) | Chapter 13 |
| Debtor, ) | |

| | |
|---|---|
| Pamela T. Larrabee ) | |
| ) | |
| ) | |
| Plaintiff, ) | ADVERSARY PROCEEDING |
| v. ) | |
| G.T. Johnson Construction, ) | NO.19- _____-CRJ |
| Inc. dba Johnson Pools and ) | |
| Spas ) | |
| Defendant, ) | |

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

COMES NOW the Plaintiff, Pamela T. Larrabee, in the above-styled bankruptcy case, by and through counsel, and does allege and complain as follows:

## INTRODUCTION

1. This is an action for actual and punitive damages filed by the debtor pursuant to Section 362 of the Bankruptcy Code.

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

5. The Plaintiff, Pamela T. Larrabee is a natural person who resides in Madison County, Alabama and is a debtor under Chapter 13 of Title 11 of the United States Code in case number 18-80406, which is presently pending before this court.

2

6. The Defendant, G.T. Johnson Construction, Inc. dba Johnson Pools and Spas (hereinafter "Johnson Pools"), is a corporation with a business address of 2609 Governors Dr., Huntsville, AL 35805.

## FACTUAL ALLEGATIONS

7. The above-styled bankruptcy case was filed in good faith in the Northern District of Alabama, Northern Division, on February 12, 2018, for the purpose of receiving relief under Chapter 13 of the United States Bankruptcy Code. Consequently, an order of relief was entered in the above-styled case on the same day, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt collection efforts against the Plaintiff/Debtor.

8. Johnson Pools was scheduled as a creditor who held an unsecured claim. A copy of Schedule E/F listing Johnson Pools as an unsecured creditor is attached to this complaint and incorporated herein by reference as Exhibit "A". Neither Ms. Larrabee nor her attorneys have knowledge of any letters sent by this Court to Johnson Pools providing notice of the Ms. Larrabee's bankruptcy filing being returned for an insufficient or incorrect address or for any other reason.

9. On February 16, 2018, Johnson Pools withdrew $1318.84 from Ms. Larrabee's bank account.

10. After realizing that Johnson Pools had withdrawn money from her account for the pre-petition debt, Ms. Larrabee called Johnson Pools to inform them of the bankruptcy filing and request that the funds be returned. Ms. Larrabee spoke with "Penny" at Johnson Pools. Ms. Larrabee explained that Johnson Pools was listed as a creditor in her bankruptcy, and the charges were in violation of the automatic stay. Ms. Larrabee requested that the charges be reversed. Penny immediately became very combative when she heard the word "bankruptcy." Penny told Ms. Larrabee that the bankruptcy filing "was not their [Johnson Pools'] problem," and that the charges were for past services and they intended to get their money. She further told Ms. Larrabee that there was no way she would reverse the charges and Ms. Larrabee should be ashamed for trying to defraud them. When Ms. Larrabee again said that this was a violation of the automatic stay and that she would be contacting her attorney, Penny laughed and said, "you do that," and proceeded to hang up on Ms. Larrabee.

11. The same day, Ms. Larrabee filed a fraud claim with her bank, and also informed her bankruptcy attorney of the situation.

12. Ms. Larrabee's bankruptcy attorney's assistant called Johnson Pools to make them aware of the bankruptcy filing after Ms. Larrabee informed her attorneys' office of the situation. After a discourteous conversation with Penny, the notice of bankruptcy filing was emailed to Johnson Pools. See Exhibit "B"

13. On February 26, 2018, Johnson Pools filed a claim in the present bankruptcy case for an amount of $1318.84. The claim is denoted as Claim 2 on the claim register.

14. The Plaintiff's peace and solitude were interrupted when Johnson Pools sent her a collection letter dated November 30, 2018, stating "This invoice is PAST DUE. Please remit payment today to avoid finance charges." See Exhibit "C".

15. Ms. Larrabee was very concerned to get this demand for payment given the past interactions with Johnson Pools.

16. It is clear that Johnson Pools was provided notice of the bankruptcy filing on multiple occasions.

17. Johnson Pool's repeated attempts to collect on this debt that is included in her bankruptcy caused Ms. Larrabee stress and anxiety.

18. Johnson Pool's acts to collect from Ms. Larrabee are clear violations of the automatic stay.

19. Ms. Larrabee has been harassed and damaged by Johnson Pools' conduct in that she has been and continues to be forced to expend her time and expenses toward the defense of this claim.

## CLAIM FOR RELIEF
## VIOLATION OF THE AUTOMATIC STAY

20. The allegations in paragraphs 1 through 19 of this complaint are realleged and incorporated herein by this reference.

21. The actions of Johnson Pools in attempting to collect a pre-petition debt from the debtor constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a).

22. As a result of the above violations of 11 U.S.C. Section 362, the Johnson Pools is liable to Ms. Larrabee for actual damages, punitive damages and legal fees.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff Pamela Larrabee having set forth her claim for relief against the Defendant Johnson Pools respectfully prays of the Court as follows:

    A.    That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;
    B.    That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;
    C.    That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by her attorney;
    D.    That the underlying debt be forever canceled and discharged; and

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 28th day of January, 2019.

*Amy K. Tanner*
Amy K. Tanner, Attorney for Plaintiff
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Ave., NE
Huntsville, Alabama 35801
Telephone: (256) 539-9899
Facsimile: (256) 539-9895
Email: atanner@bondnbotes.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following by depositing a copy of the same in the United States mail, properly addressed and adequate postage thereon this the 28th day of January, 2019.

Johnson Pools and Spas
2609 Governors Dr
Huntsville, Al 35805

G.T. Johnson Construction, Inc.
c/o George Johnson, Jr., Registered Agent
521 Madison St.
Huntsville, AL 35801

/s/ *Amy K. Tanner*
Amy K. Tanner